THOMAS, Judge,
concurring in part and dissenting in part.
This is an appeal in a domestic-relations action. I concur as to the affirmance of the Montgomery Circuit Court’s decision to reinstate its award of periodic alimony to Anne Marie Duerr. Howeyer, I respectfully dissent as to the affirmance of the trial court’s award of postminority educational support. On October 4, 2013, our supreme court released Ex parte Christopher, 145 So.3d 60 (Ala.2013), in which our supreme court expressly overruled Ex parte Bayliss, 550 So.2d 986 (Ala.1989).
In overruling Bayliss, our supreme court specifically held that,
“[although [this] decision does not affect final orders of - postminority educational support already .entered, our overruling of Bayliss is applicable to all future cases. Further, this decision also applies to current cases where no final postminority-support order has been entered or where an appeal from a post-minority-support order is still pending.”
Christopher, 145 So.3d at 72 (emphasis added).
As I explained in my special writing in Morgan v. Morgan, 183 So.3d 945, 968 (Ala.Civ.App.2014)(Thomas, J., concurring in part and concurring in the result in part), the above language in Christopher plainly states that the holding in Christopher is applicable to any case in which an appeal of a postminority-educational-sup-port order was pending at the time the supreme court’s opinion in Christopher was released; there is no mention of an obligation of a party to have raised the issue before the trial court.
The State Judicial Information System case-action-summary sheet in this case indicates that Andrew Arthur Duerr (“the former husband”) filed this appeal on September 26, 2013, and that the appeal remained pending when the opinion in Christopher was released on October 4, 2013. Accordingly, it is my opinion that, based upon the plain language used by our supreme court, this court must reverse that portion of the trial court’s divorce judgment ordering the former husband to pay postminority educational support, in accordance-with the supreme court’s holding in Christopher that “the child-custody statute does hot authorize a court in a divorce action to require a noncustodial parent to *801 pay educational support for children, over the age of 19.” 183 So.3d at 963.